IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-0002-GPG

**CARNE MURURI MWANGI**, No. 660883,

      Plaintiff,

v.

**ANTHONY NORMAN**;
**JUSTIN KENNEDY**;
**PERRY SPEELMAN**; and
**ALL ARRESTING OFFICERS**,

      Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

---

Plaintiff, Carne Mururi Mwangi, a *pro se* prisoner litigant, has submitted a Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  The Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) has been granted (ECF No. 5).

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  The Court has reviewed the complaint and has determined that it is deficient.  For the reasons discussed below, Plaintiff will be ordered to file an amended complaint.

First, the Complaint is deficient because it is not on the Court-approved form.  Second, the Complaint is deficient to the extent it seeks to impose liability against any Defendant in his or her official capacity.  Official capacity suits "generally represent only

another way of pleading an action against an entity of which an officer is an agent."

*Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978).  Therefore, Plaintiff's claims against Defendants in their official capacities must be construed as claims against the City and County of Denver.  However, Plaintiff cannot state a cognizable claim for relief against City and County of Denver unless he demonstrates he suffered an injury caused by a municipal policy or custom.  *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010).  Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.  *See Monell*, 436 U.S. at 694.

The complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and

2

direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

Plaintiff is required to assert personal participation by properly named defendants in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). **To establish personal participation, Plaintiff must show in the Cause of Action section of the complaint form how each named individual caused the deprivation of a federal right**. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Furthermore, **TO STATE A CLAIM IN FEDERAL COURT PLAINTIFF MUST EXPLAIN (1) WHAT A DEFENDANT DID TO HIM; (2) WHEN THE DEFENDANT DID IT; (3) HOW THE DEFENDANT'S ACTION HARMED HIM; AND (4) WHAT SPECIFIC**

3

**LEGAL RIGHT THE DEFENDANT VIOLATED AS TO EACH AND EVERY CLAIM.**

*Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007) (noting

that, to state a claim in federal court, "a complaint must explain what each defendant did

to him or her; when the defendant did it; how the defendant's action harmed him or her;

and, what specific legal right the plaintiff believes the defendant violated"). Accordingly,

in the Amended Complaint, Plaintiff must allege specific facts to show how each named

Defendant personally participated in an alleged deprivation of his constitutional rights.  It

is not the Court's role to decipher Plaintiff's claims.

A defendant also may not be held liable for the unconstitutional conduct of his or

her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S.

662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising
> from his or her superintendent responsibilities," the plaintiff must plausibly
> plead and eventually prove not only that the official's subordinates violated
> the Constitution, but that the official by virtue of his own conduct and state of
> mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at

677).  Therefore, in order to succeed against a government official for conduct that

arises out of his or her supervisory responsibilities, a plaintiff must allege and

demonstrate that: "(1) the defendant promulgated, created, implemented or possessed

responsibility for the continued operation of a policy that (2) caused the complained of

constitutional harm, and (3) acted with the state of mind required to establish the

alleged constitutional deprivation."  *Id.* at 1199.  Therefore, Plaintiff should name as

Defendants only those persons he contends actually violated his federal rights while

acting under color of law.

4

Plaintiff will be ordered to file an amended complaint that clarifies what each Defendant did that allegedly violated his rights.  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

**ORDERED** that Mr. Mwangi file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

**FURTHER ORDERED** that Mr. Mwangi shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

**FURTHER ORDERED** that, if Mr. Mwangi fails to file an amended complaint that complies with this order within the time allowed, the action may be dismissed without further notice.

DATED January 13, 2016, at Denver, Colorado.

BY THE COURT:


 /s Gordon P. Gallagher
United States Magistrate Judge