IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00002-GPG

CARNE M.  MWANGI,

     Plaintiff,

v.

ANTHONY NORMAN, Denver Police Deputy, in His Individual and Official Capacity,
JUSTIN KENNEDY, Denver Policy Deputy, in His Individual and Official Capacity,
PERRY SPEELMAN, Denver Police Officer, in His Individual and Official Capacity,
DEPUTY X, in His Individual and Official Capacity, and
ALL ARRESTING OFFICERS, in His Individual and Official Capacity,

     Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE

---

     Plaintiff, Carne M.  Mwangi, is detained at the Denver County Jail.  He initiated

this action by filing, *pro se*, a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42

U.S.C. § 1983.  He filed an Amended Complaint (ECF No. 6) on January 4, 2016.  Mr.

Mwangi has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C.

§ 1915.

     On January 13, 2016, the Amended Complaint was reviewed and a

determination was made that it was deficient because it was not filed on the court-

approved Prisoner Complaint form, failed to comply with the pleading requirements of

Fed. R. Civ. P. 8, and failed to state a claim against the Defendants in their official

capacities.  (ECF No. 7).  Consequently, Plaintiff was ordered to file a [Second]

Amended Complaint within 30 days of the January 13, 2016 Order.  (*Id.*). In a February

18, 2016 Minute Order, Magistrate Judge Gallagher granted Mr. Mwangi an additional

30 days to comply with the January 13 Order.  (ECF No. 11).  Plaintiff was warned that failure to comply may result in dismissal of this action without further notice.  (*Id.*).

Plaintiff failed to file a [Second] Amended Complaint by the court-ordered deadline.  Notwithstanding, the Court will now review the allegations of the Amended Complaint (ECF No. 6) to determine whether he has stated an arguable claim for relief against any of the Defendants.  Although the Amended Complaint is not filed on the court-approved form, as required by Local Rules 1.2 and 5.1(c), the original Complaint was filed on the court-approved Prisoner Complaint form.  When construed together, the information provided in the original Prisoner Complaint and the Amended Complaint is sufficient to comply with the Local Rules.

The Court must review the Amended Complaint liberally because Mr. Mwangi is a pro se litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a pro se litigant's advocate.  Hall, 935 F.2d at 1110.

The Court has granted Mr. Mwangi leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Therefore, the Court must dismiss the action if Mr. Mwangi's claims are frivolous, malicious, or fail to state a claim on which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B).  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  For the reasons stated below, the Court will dismiss this action, in part, as legally frivolous, and order that the remaining claims be drawn to a presiding judge.

## I.     The Amended Complaint

The Amended Complaint (ECF No. 6) contains a significant amount of irrelevant factual allegations.  Ignoring the superfluous facts, the Court finds that Mr. Mwangi has complied with the intent of Rule 8 by alleging specific facts to support a claim for relief under § 1983.

Mr. Mwangi states that on the evening of January 6, 2014, he had an encounter with a Walgreen's employee who ordered him to leave the store because the employee believed that Plaintiff was harassing a female customer, and then confronted Plaintiff out on the sidewalk, shoving him backward.  Shortly thereafter, Plaintiff was waiting for a train at a light rail station in downtown Denver (near the Walgreen's) when he was suddenly knocked down from behind by one or more of the Defendants, who commanded him to "stop resisting."  (*Id.* at 9).  According to Plaintiff, he was not resisting.  Mr. Mwangi states that:

> the officers pulled right, another pushed left, and yet another twisted the same hand.  Another buried their knees and/or elbow on the Plaintiff's back, causing excruciating pain.   Another slammed and painfully pinned his head, face planting him hard, on the concrete pavement, with his knee or foot.  It felt like the rest were stomping, kicking and punching his torso, for absolutely no reason whatsoever.

(*Id.* at 9).  Mr. Mwangi was then handcuffed and led down the street, where Defendant Deputy X leaned him against the back of the police cruiser, while telling Plaintiff repeatedly that that "we don't like you" and that Plaintiff "needed to go back to Africa." (*Id.* at 10).  Defendant Deputy X then proceeded to squeeze Plaintiff's genitals with significant force, causing him to experience excruciating pain, and slammed Plaintiff head first into the pavement.  Subsequently, Defendant Deputy X "straddled the Plaintiff and commenced to sexually assault him over his clothes," while continuing to verbally assault the Plaintiff.  (*Id.* at 11).  Plaintiff states that the other Defendants "shielded

[Defendant Deputy X] from the public with their bodies, while chanting him on." (*Id.* at 16). Plaintiff suffered "excruciating physical, mental and psychological pain and injury" as a result of the incident, including a "severe facial injury." (*Id.*). He asserts that all of the named Defendants are liable for violating his Fourth Amendment right to be free from excessive force, and that he was assaulted because of his race, in violation of his Fourteenth Amendment equal protection rights. Mr. Mwangi further claims that his due process rights were violated when Defendants "failed to adequately investigate the incident, view and/or retrieve the related CCTC surveillance camera footage, an indispensable exculpatory material evidence to Plaintiff." (*Id.* at 15). Plaintiff requests monetary relief.

## II.    Analysis

### A.  Official Capacity Claims

Mr. Mwangi sues the Defendants in both their official and individual capacities. The official capacity claims are construed as claims against the City and County of Denver. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). Mr. Mwangi was warned in the January 13 Order that to hold the City and County of Denver liable under 42 U.S.C. § 1983, he must allege facts to show that an unconstitutional policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998). Municipalities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). Furthermore, Plaintiff does not state

a claim for relief under § 1983 merely by pointing to isolated incidents.  *See Monell*, 436 U.S. at 694.   Because Mr. Mwangi did not file a [Second] Amended Complaint to cure the deficiencies in his official capacity claims, those claims will be dismissed as legally frivolous.

### B.  Equal Protection Claim

Mr. Mwangi asserts that he was subjected to unlawful excessive force because of his race.  In order to state a race-based equal protection claim, a plaintiff must sufficiently allege that the defendant was motivated by racial animus. *Phelps v. Wichita Eagle–Beacon*, 886 F.2d 1262, 1269 (10th Cir.1989) (citing *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977)).   However, a conclusory allegation of racial motivation is insufficient to state a claim upon which relief can be granted. *See Green v. Corrections Corp. of* America, No. 10-3217, 401 Fed. Appx. 371, 376 (10th Cir. Nov. 8, 2010) (unpublished) (citing *Hall*, 935 F.2d at 1110) (holding that courts need not accept as true a pro se litigant's conclusory allegations).  Moreover, mere differences in race do not, by themselves, support an inference of racial animus. *Id.*; *see also Ford v. Wilson*, 90 F.3d 245, 248 (7th Cir.1996) (holding that an arbitrary traffic stop coupled with a difference in race between the person stopped and the officer does not establish a case of racial discrimination).

Mr. Mwangi does not allege any specific facts to show that the conduct of Defendants Norman, Kennedy and Speelman, of any of the John Doe arresting officers, other than Defendant Deputy X, was motivated by racial animus.  Accordingly, the equal protection claims will be dismissed against all Defendants, except for Defendant Deputy X.

**C.  Due Process Claim**

Finally, Mr. Mwangi claims that his due process rights were violated when

Defendants "failed to adequately investigate the incident, view and/or retrieve the

related CCTC surveillance camera footage, an indispensable exculpatory material

evidence to Plaintiff." (ECF No. 6 at 15).  These allegations are vague.  However, to the

extent Mr. Mwangi is challenging the constitutionality of an ongoing state criminal

prosecution, he may not pursue a § 1983 claim for damages until the conclusion of the

state criminal proceeding.  *See Younger v. Harris*, 401 U.S. 37 (1971); *D.L. v. Unified*

*Sch. Dist. No.* 497, 392 F.3d at 1228 ("The rationale for *Younger* abstention can be

satisfied . . . by just staying proceedings on the federal damages claim until the state

proceeding is final") (citing *Quackenbush v. Allstate Ins*. Co., 517 U.S. 706, 730 (1996)

("we have permitted federal courts applying abstention principles in damages actions to

enter a stay, but we have not permitted them to dismiss the action altogether"));

*Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) (a district court finding that *Younger*

abstention is required nevertheless "has no discretion to dismiss rather than to stay

claims for monetary relief that cannot be redressed in the state proceeding.").

At this time, the Court is unable to determine from the face of the Amended

Complaint whether the doctrine of *Younger* abstention applies to Mr. Mwangi's due

process claim, such that the claim for damages should be stayed against one or more of

the Defendants pending resolution of a state criminal proceeding.  Mr. Mwangi is

reminded that if he is convicted of a state criminal offense and seeks to challenge the

validity of that conviction based on a failure to investigate and disclose exculpatory

evidence, he cannot pursue a claim for damages under § 1983 unless his conviction is

first over-turned in a habeas corpus proceeding pursuant to 28 U.S.C. § 2254.  *See*

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that

Mr. Mwangi's § 1983 Fourth Amendment excessive force claim against the Defendants,

sued in their individual capacities, the Fourteenth Amendment equal protection claim

against Defendant Deputy X, sued in his individual capacity, and the Fourteenth

Amendment due process claim asserted against the Defendants in their individual

capacities, do not appear to be appropriate for summary dismissal.  Consequently, the

case will be drawn to a presiding judge and, if applicable, to a magistrate judge. *See*

D.C.COLO.LCivR 8.1(c) and 40.1(a).  Accordingly, it is

ORDERED that the claims against the individual Defendants, sued in their official

capacities, are DISMISSED as legally frivolous.  It is

FURTHER ORDERED that the Fourteenth Amendment equal protection claim

asserted against Defendants Norman, Kennedy, Speelman, and the Defendant John

Doe arresting officers, other than Defendant  Deputy X, are dismissed as legally

frivolous.  It is

FURTHER ORDERED that the Fourth Amendment excessive force claims

asserts against the Defendants in their individual capacities, the Fourteenth Amendment

equal protection claim against Defendant Deputy X, sued in his individual capacity, and

the Fourteenth Amendment due process claim asserted against the Defendants in their

individual capacities, shall be drawn to a presiding judge and, if applicable, to a

magistrate judge.

DATED April 4, 201616, at Denver, Colorado.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court